Colin W. Fraser (SBN CA 266867)
GREENBERG TRAURIG, LLP
18565 Jamboree Road, Suite 500
Irvine, California 92612
Telephone: 949.732.6500
Facsimile: 949.732.6501
frasercw@gtlaw.com

Anna Robshaw (SBN CA 317953)
GREENBERG TRAURIG, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505
robshawa@gtlaw.com

Attorneys for Defendant
NATIONAL PAYMENT CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERGE EMPLOYER SOLUTIONS INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>INFINZA, INC., an Alabama Corporation; NATIONAL PAYMENT CORPORATION, a Florida Corporation; and DOES 1-25, inclusive,<br><br>        Defendants. | CASE NO.  8:21-cv-01933-JLS-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL PAYMENT CORPORATION'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:        October 21, 2022<br>Time:        10:30 a.m.<br>Crt. Rm.:    10A<br><br>Assigned to Hon. Josephine L. Staton |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................5

II.     RELEVANT BACKGROUND .............................................................................6

        A.      EESI's Complaint ......................................................................................6

        B.      The Service Agreement...............................................................................7

        C.      NatPay's Motion to Dismiss ......................................................................7

III.    ARGUMENT..........................................................................................................8

        A.      NatPay is Entitled to Attorneys' Fees Under 28 U.S.C. § 1927 .............8

        B.      NatPay is Entitled to Attorneys' Fees Under California

                Code of Civil Procedure § 128.5.............................................................10

        C.      NatPay's Request For Attorneys' Fees Is Reasonable...........................11

        D.      NatPay Timely Filed This Motion ..........................................................11

IV.     CONCLUSION....................................................................................................12

CASE NO.  8:21-cv-01933-JLS-DFM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*,
   992 F. Supp. 278 (S.D.N.Y. 1998) .................................................................8

*Ball v. Versar, Inc.*,
   454 F. Supp. 2d 783 (S.D. Ind. 2006).........................................................8

*Brigadoon Assocs. Ltd. P'Ship v. Fed. Nat'l Mortgage Assoc.*,
   Civ. No. H-10-4687, 2011 WL 3106938 (S.D. Tex. July 25, 2011)...........8

*City of W. Sacramento v. R & L Bus. Mgmt.*,
   No. 2:18-cv-900 WBS EFB (E.D. Cal. May 23, 2019)...............................5

*Digimark Corp. v. Verance Corp.*,
   2011 WL 7077315 (D. Or. Sept. 19, 2011) .................................................8

*Fisher v. SJB–P.D. Inc.*,
   214 F.3d 1115 (9th Cir. 2000) .................................................................10

*Freeman v. Bianco*,
   02 Civ. 7525, 2003 WL 179777 (S.D.N.Y. Jan. 24, 2003) ........................8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)..................................................................................10

*Hutn v. Moore Brothers, Inc.*,
   861 F.3d 655 (7th Cir. 2017) ......................................................................7

*In re Keegan Management Co., Securities Litigation*,
   78 F.3d 431 (9th Cir. 1996) ........................................................................7

*Lab. Corp. of America, Inc. v. Upstate Testing Lab., Inc.*,
   967 F. Supp. 295 (N.D. Ill. 1997)...............................................................9

*MaxPower Semiconductor, Inc., v. Rohm Co., Ltd*,
   No. 21-CV-08697, 2021 WL 5349109 .......................................................8

*Molnar v. 1 800-Flowers.com, Inc.*,
   2008 WL 4772125 (C.D. Cal. Sept. 29, 2008) ...........................................8

*New Alaska Development Corp. v. Guetschow*,
    869 F.2d 1298 (9th Cir. 1989) ..................................................................7

*O, Lysaght & Sun v. Drug Enforcement Admin.*,
    951 F. Supp. 1413 (C.D. Cal. 1996) .......................................................10

*Pacific Harbor Capital, Inc. v. Carnival Airlines, Inc.*,
    210 F.3d 1112 (9th Cir. 2000) ..................................................................7

*Smith v. Martin*,
    No. 02-1624, 2004 WL 5577682 (D.D.C. Jan. 28, 2004) ........................8

*United States v. Associated Convalescent Enterprises*,
    766 F.2d 1342 (9th Cir. 1985) ..................................................................7

*West Coast Development v. Reed*
    (1992) 2 Cal. App. 4th 693 ........................................................................9

**Statutes**

28 U.S.C. § 1132 ..............................................................................................5

28 U.S.C. § 1927 ......................................................................................4, 7, 9

California Code of Civil Procedure § 128.5 ..........................................5, 9, 10

**Other Authorities**

Local Rule 54 .................................................................................................11

Rule 26 .............................................................................................................4

Rule 26(f) .......................................................................................................10

CASE NO.  8:21-cv-01933-JLS-DFM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

## I.    INTRODUCTION

Defendant National Payment Corporation ("NatPay") provides third party electronic payment services under the Automated Clearing House (ACH) system, to professional payroll processors, like Plaintiff Emerge Employer Solutions, Inc. ("EESI") ECF 1 ¶¶ 22, 36. NatPay's clients, such as EESI, are subject to a Service Agreement, which contains a Florida forum selection clause and gives NatPay discretion to withhold services "for any reason," including if NatPay has "any concern that [a] client may be involved in a business that could be considered suspicious activity under federal laws and regulations." ECF 19-13, Service Agr., §§ 12, 13(s).

Despite the express contractual requirement stating that any disputes arising from the Service Agreement must be filed in Florida, EESI filed this action in California. This forced NatPay to file a Motion to Dismiss or Transfer (the "Motion to Dismiss"). It also forced NatPay to incur unnecessary attorneys' fees meeting and conferring with opposing counsel, preparing a Joint Rule 26 Report (ECF 23), reviewing evidence for Rule 26 initial disclosures, and otherwise preparing its defense against the lawsuit.

NatPay prevailed on its Motion to Dismiss, with the Court entering a Minute Order on July 5, 2022 dismissing EESI's claims against NatPay "without prejudice to filing in a proper forum identified by the applicable forum selection clause." Declaration of Colin W. Fraser ("Fraser Decl.") ¶ 6, Ex. C. Accordingly, NatPay, the prevailing party in this case, hereby moves for attorneys' fees and non-taxable costs. NatPay is entitled to the reasonable attorneys' fees it incurred in defending against EESI's claims for two reasons.

*First*, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Here, despite the Service Agreement's forum selection clause and repeated meet and confer calls to explain the deficiencies in the complaint, EESI filed this action in California and forced NatPay to incur unnecessary attorneys' fees defending itself.

*Second,* this case is governed by California substantive law because it was filed as a diversity action pursuant to 28 U.S.C. § 1132, so California Code of Civil Procedure section 128.5 applies. *See City of W. Sacramento v. R & L Bus. Mgmt.,* 2019 WL 2249630, *3-4 n.1 (E.D. Cal. May 23, 2019) (recognizing that various sections of the California Code of Civil Procedure constitutes substantive law). Section 128.5 provides that a "trial court may order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are a frivolous or solely intended to cause unnecessary delay." EESI's improper choice of forum and its attempt to avoid the Service Agreement's forum selection clause by bringing baseless tort claims that are barred by the economic loss rule were frivolous tactics, made in bad faith, that caused NatPay to incur unnecessary attorney's fees.

Because there was no good-faith basis for EESI's litigation tactics, NatPay is entitled to the reasonable attorneys' fees it incurred in defending against EESI's claims. As explained in detail below, NatPay's requested fees reflect a reasonable number of hours, proportionate to the needs of this case, that counsel spent representing NatPay in this dispute.

## II.   RELEVANT BACKGROUND

### A.   EESI's Complaint

EESI is a professional employer company that manages its clients' administrative responsibilities to their employees, including by providing payroll services. ECF 1 ¶ 22. EESI entered into an agreement for "Infinza to provide payroll services directly to . . . [EESI's] clients that only receive payroll services from [EESI]," under which "Infinza was to vet these clients and contract directly with them while [EESI] acted solely as a compensated sales agent." *Id*. ¶ 25. Unhappy with Infinza's services, EESI brought "the payroll processing in-house," and "entered into the Service Agreement with NatPay" to provide ACH services to wire the payroll funds. *Id*. ¶ 36. EESI claims "Infinza contacted NatPay and they together decided that NatPay should not provide the ACH services to

Plaintiff and its clients." *Id*. ¶ 38. Defendants allegedly refused to provide services after EESI "discovered that [its client] White Knight was a potential fraud risk" and "instructed [Infinza] . . . not [to] process White Knight's payroll." *Id*. ¶ 29. EESI alleges that, as a result of Defendants' actions, EESI sold itself to a competitor, Vensure, "for only $600,000 (half of what Vensure had previously offered) in exchange for Vensure running the timely payroll" for EESI, even though EESI "planned to sell in about four years for $20 million." *Id*. ¶¶ 40-43.

EESI sued NatPay to seek compensation for its lower-than-expected sales price and for amounts it would have received from existing and non-existing clients.

## B.    The Service Agreement

On or about July 21, 2021, EESI and NatPay entered into the Service Agreement. ECF 19-3, Service Agr. The Service Agreement includes a provision which states that any dispute arising from the Service Agreement must be adjudicated in Florida: "The parties expressly consent and agree to the exclusive jurisdiction and venue of any state or federal court located within Hillsborough County, Florida, in connection with any suit between the parties arising out of or relating to this Service Agreement." *Id*. § 13(s).

## C.    NatPay's Motion to Dismiss

On January 31, 2022, NatPay filed its Motion to Dismiss on the following grounds: *First*, EESI's claims were barred by the economic loss doctrine which precludes attempts to transform breach of contract claims into tort claims. ECF 19 at 6:27-7:4. *Second*, EESI failed to allege any details about the contracts and relationships that NatPay allegedly interfered with. ECF 19 at 7:5-10. *Third*, EESI's interference with contracts and economic relationships claims failed because NatPay was a party to the alleged contracts and relationships, and not a third party, as required. ECF 1, 7:11-17. *Fourth*, EESI's prayer for damages were barred by the Service Agreement. *Fifth*, the forum-selection clause in the Service Agreement clearly stated that *any* dispute arising from the Service Agreement must be adjudicated in Florida, not California.

NatPay's Motion to Dismiss was heard on July 1, 2022. After the hearing, on July

5, 2022, the Court issued its Minute Order ("Order") granting NatPay's Motion to Dismiss and found that any claims by EESI related to the provision of ACH services must be brought in Florida because of the forum selection clause in the Service Agreement. ECF 35.  Fraser Decl. ¶ 6, Ex. C.

## III.    <u>ARGUMENT</u>

### A.    NatPay is Entitled to Attorneys' Fees Under 28 U.S.C. § 1927

NatPay is entitled to the attorney's fees it incurred in bringing its Motion to Dismiss under 28 U.S.C. § 1927, which provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[S]ection 1927 sanctions 'must be supported by a finding of subjective bad faith.'" *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

Although a finding of bad faith is required to impose sanctions under §1927, "[k]nowing or reckless conduct meets this standard." *Pacific Harbor Capital, Inc. v. Carnival Airlines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000); *United States v. Associated Convalescent Enterprises*, 766 F.2d 1342, 1346-1347 (9th Cir. 1985) (district court's finding that misconduct was "calculated" justified upholding award under §1927).

Here, EESI's counsel acted with knowing or reckless conduct by filing suit in California, in violation of the forum selection clause. NatPay met and conferred with EESI's counsel before filing its motion to dismiss to explain that the Service Agreement contained a forum selection clause that required the lawsuit to be filed in Florida. (Fraser Decl., ¶ 4.) Federal courts have routinely awarded attorneys' fees in similar circumstances, where a party was, or should have been, aware that claims were barred by a valid forum-selection clause. *Hutn v. Moore Brothers, Inc.*, 861 F.3d 655, 658-659 (7th

Cir. 2017) (affirming sanctions under § 1927 against plaintiff who filed lawsuit in violation of arbitration clause in the parties' agreement and who resisted arbitration by "disregard[ing] the long line of Supreme Court decisions upholding the enforceability of arbitration clauses"); *Brigadoon Assocs. Ltd. P'Ship v. Fed. Nat'l Mortgage Assoc.*, 2011 WL 3106938, at *3-5 (S.D. Tex. July 25, 2011) (awarding attorney's fees to plaintiff where defendant lacked an objectively reasonable basis for seeking removal in light of a forum-selection clause precluding removal); *MaxPower Semiconductor, Inc., v. Rohm Co., Ltd*, 2021 WL 5349109 (ordering that plaintiff show cause for why it should not be sanctioned under § 1927 for "intentionally and vexatiously multiplying the proceedings" by resisting arbitration in the face of clearly applicable forum-selection and arbitration agreement); *Smith v. Martin*, 2004 WL 5577682, at *4 (D.D.C. Jan. 28, 2004) (awarding costs and attorney's fees where "Plaintiffs and their counsel are, or should be, aware that these claims are barred by the arbitration clause and forum selection clause" in applicable agreements); *Freeman v. Bianco*, 2003 WL 179777, at *5-6 (S.D.N.Y. Jan. 24, 2003) (issuing show-cause order against plaintiffs and their counsel, where plaintiffs filed suit in New York despite "clear choice of forum clauses specifying that any action relating to the subject matter of this suit be brought in Florida").

Similarly, courts around the country recognize that a party may recover the damages they incur, including attorney's fees, as result of an opposing party's attempt to litigate a case in a non-contractual forum. *See, e.g., Digimark Corp. v. Verance Corp.*, 2011 WL 7077315, *12 (D. Or. Sept. 19, 2011) (explaining that "there is no principled reason why the breach of [a] forum section clause is not actionable"); *Molnar v. 1 800-Flowers.com, Inc.,* 2008 WL 4772125, at *5 (C.D. Cal. Sept. 29, 2008) (denying motion to dismiss defendant's counterclaim for breach of forum selection clause); *Ball v. Versar, Inc.,* 454 F. Supp. 2d 783, 809 (S.D. Ind. 2006) (recognizing that "there is no legal obstacle to an award of damages for breach of forum selection clause, at least where the clause is exclusive by its terms"); *Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.,* 992 F. Supp. 278, 286 (S.D.N.Y. 1998) (finding defendants liable for uncompensated expenses

that plaintiff incurred defending case in foreign forum in breach of forum-selection clause); *Lab. Corp. of America, Inc. v. Upstate Testing Lab., Inc.*, 967 F. Supp. 295, 299 (N.D. Ill. 1997) (granting summary judgment in favor of plaintiff on breach of contract claim where defendant had filed a separate cause of action in New York in breach of Illinois forum-selection clause).

NatPay is entitled to attorneys' fees under 28 U.S.C. § 1927

**B.    NatPay is Entitled to Attorneys' Fees Under California Code of Civil Procedure § 128.5**

California Code of Civil Procedure section 128.5 provides courts with the authority to order a party, the party's attorney, or both, to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of actions or tactics, made in bad faith, that are frivolous or solely intended to cause unnecessary delay. "Frivolous" is defined as something that is totally devoid of merit, or which is done solely to harass an opponent. Cal. Civ. Proc. § 128.5.

Here, EESI's filed this lawsuit in California despite an express provision in the Service Agreement stating that any disputes arising from the Service Agreement must be brought in Florida. EESI's filing in California is entirely devoid of merit as California does not have jurisdiction over this matter. Rather than properly evaluating and considering the grounds upon which NatPay's Motion to Dismiss was filed, including NatPay's identity of the forum-selection clause in the Service Agreement, EESI opposed NatPay's Motion to Dismiss (albeit unsuccessfully) and forced NatPay to unnecessarily participate in litigation. EESI had ample time to dismiss its claims against NatPay and failed to do so. *See West Coast Development v. Reed* (1992) 2 Cal. App. 4th 693, 699 ("Of course the prosecution of a frivolous action may in itself be evidence from which a finding of subjective bad faith may be made.")

NatPay is entitled to attorneys' fees under Code of Civil Procedure section 128.5

**C.     NatPay's Request For Attorneys' Fees Is Reasonable**

Once a court has determined that a movant is entitled to attorney's fees, then it must determine the amount, which is subject to this court's discretion. *O, Lysaght & Sun v. Drug Enforcement Admin.*, 951 F. Supp. 1413, 1418 (C.D. Cal. 1996). The starting point in determining attorneys' fees is the lodestar method, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fisher v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The U.S. Supreme Court found that "[t]his calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433-434.

In this matter, NatPay's counsel performed over 90 hours of work in defending against EESI's claim between January 2022 through June 2022. This time includes approximately 60 total hours of Shareholder time billed at a blended rate of $450 per hour, and approximately 30 hours of Associate time billed at a rate of $350 per hour for a total of $37,500. Fraser Decl. ¶ 2, Ex. A. The time spent is comprised of preparing NatPay's motion to dismiss, evaluating EESI's opposition, drafting NatPay's reply, preparing for and successfully arguing NatPay's Motion to Dismiss, as well as other related work incurred by virtue of EESI's filing of this case, including meeting and conferring, entering into a stipulation regarding this Court's Scheduling Order, drafting stipulations, and gathering information to incorporate into its Rule 26(f) Report. *Id.* at ¶ 2, Ex. A.

As set forth in the Declaration of Colin W. Fraser, the requested amount of attorney's fees for the services performed in this case, in the amount of $37,500.00 were reasonable and necessary.

**D.     NatPay Timely Filed This Motion**

Under Local Rule 54 – 7, "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

In this case, the Court entered its Order on July 5, 2022. Fraser Decl. ¶ 6, Ex. C. NatPay filed its Motion within 14 days, on July 19, 2022. Therefore, this Motion is timely.

## IV.    CONCLUSION

For the reasons stated above, NatPay respectfully requests that the Court grant this Motion and find EESI and/or its counsel liable to NatPay for the attorneys' fees it incurred in defending EESI's claims in this California court, contrary to the express contractual requirement stating that *any* dispute arising from the Service Agreement at issue must be adjudicated in Florida and grant such other and further relief to which NatPay may be justly entitled to.

DATED:  July 19, 2022                    GREENBERG TRAURIG, LLP


By */s/ Colin W. Fraser*
Colin W. Fraser
Anna M. Robshaw

Attorneys for Defendant
NATIONAL PAYMENT CORPORATION

CASE NO.  8:21-cv-01933-JLS-DFM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES