# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERGE EMPLOYER SOLUTIONS INC., a California corporation<br><br>    Plaintiff,<br><br>    vs.<br><br>INFINZA, INC., an Alabama Corporation; NATIONAL PAYMENT CORPORATION, a Florida Corporation; and DOES 1-25, inclusive,<br><br>    Defendants. | Case No. 8:21-cv-01933-JLS-DFM<br><br>Case Assigned to Hon. Josephine L. Staton<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This Court, having reviewed the parties' executed Stipulated Protective Order and the matters contained therein, **HEREBY ORDERS THAT:**

The Stipulated Protective Order is approved by this Court and duly entered as of this date.

The terms of the Stipulated Protective Order are as follows:

-1-

The parties stipulate and agree, through their respective counsel, to the entry of a Protective Order governing the disclosure of the Confidential Information during the course of the Litigation as follows:

**1. Initial Designation**

    **1.1**    **Production of Documents.**  Any party producing documents that it believes constitute or contain Confidential Information shall produce copies bearing a label or stamp that contains or includes language substantially identical to the following:

CONFIDENTIAL<br>Subject to Protective Order

    **1.2**    **Interrogatory Answers.**  If a party answering an Interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated as Confidential Information in the same manner as a produced document under subparagraph 1.1.  The answers to interrogatories should make reference to the separately and concurrently produced document containing the answer, but such document should not be attached to the interrogatories.

    **1.3**    **Inspection of Documents.**  In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection.  If the inspecting party then selects specified documents to be copied, and those documents contain Confidential Information, the producing party shall designate those documents as Confidential Information in accordance with subparagraph 1.1 at the time the copies are produced.

1  **1.4   Deposition Transcripts.**  Within 30 days after the receipt of a deposition transcript (or if the transcript is received within 30 days of the trial date, within half of the number of days remaining before trial), a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information.  All parties in possession of a copy of a designated deposition transcript shall appropriately mark the selected portions as containing Confidential Information.

**1.5   Multi-Page Documents.**  A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document containing Confidential Information.

**2. Designations by Another Party.**  If a party other than the producing party believes that a produced document contains or constitutes Confidential Information related to it, it may designate the document as Confidential Information by notifying all parties in writing within fourteen (14) days of its receipt of the document.  The designating party shall prepare, periodically update and provide to counsel a list of all designated Confidential Information.

**3. Objections to Designations.**

**3.1   Confidential Information.**  Any party objecting to an initial designation of Confidential Information shall notify the designating party within a reasonable time.  The objecting party and the designating party shall promptly confer in an attempt to resolve their differences.  If the designating and objecting parties are unable to resolve their differences, the objecting party shall initiate the dispute resolution process under Local Rule 37.1, et. seq. The burden of persuasion will remain with the designating party.

**3.2    Near Trial.**  No documents may be designated Confidential within 30 days of trial except to the extent they have not been produced before.

**4. Custody.** During the pendency of the Litigation and for ninety (90) days after the conclusion of this Litigation, which includes all post-trial motions and appeals, all Confidential Information and any and all copies, extracts, and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of its counsel of record, or by persons to whom disclosure is authorized under subparagraph 5.1, or by the Judge and Jury.

All parties to this Agreement or persons to whom disclosure is authorized under subparagraph 5.1 agree they will implement reasonable measures to avoid inadvertent or accidental disclosure of Confidential Information, including but not limited to: storing Confidential Information in a secure place to prevent public access, not leaving documents in the open so unauthorized persons may observe the information contained therein, and avoiding e-mail and other communication practices that could broadcast Confidential Information to a larger audience than authorized under this Agreement.

**5. Handling Prior to Trial**

**5.1    Authorized Disclosures.**  Confidential Information shall be disclosed by the receiving party <u>only</u> to the following persons and no others:

a. Counsel for the parties, including their associates, representatives, agents, and clerical and administrative staffs;

b. Qualified persons taking deposition testimony involving such Confidential Information as well as their stenographic, videotape and clerical personnel;

c. Experts and their staff who are consulted and/or retained by counsel for any party to this Litigation;

d. Percipient witnesses;

    e. Parties to the litigation, including their agents, representatives and employees; and

    f. Any mediator, arbitrator, discovery referee, judge and jury in this Litigation.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. No public disclosures are authorized. As such, disclosure to any of the above-listed individuals may only be made after advising the individuals of the existence and terms of this Protective Order as well as securing their consent to the Protective Order's terms.

Before disclosing Confidential Information to any unauthorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed.  If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**5.2**  **Unauthorized Disclosures.**  If Confidential Information is disclosed to any person in any other manner than is authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to return the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

**5.3**  **Court Filings.**  A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.  Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of

the specific Confidential Information at issue.  If a party's request to file Confidential Information under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court.

**6. Handling During Trial.**  Confidential Information which is subject to this Protective Order may be marked and used as trial exhibits by any party, subject to such terms and condition as may be imposed by the Court upon application by the designating party.

**7. Handling After Trial.**  Within ninety (90) days of the final conclusion of the Litigation, which includes all post-trial motions and appeals, the designating party may request that any or all Confidential Information be returned to the producing party. This ninety (90) day period is subject to extension or modification as necessary to accommodate any post-trial motions or appeals that may be brought by any party. The request shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested.  Counsel for the receiving party shall collect, assemble, and return within 30 days all such Confidential Information, including all copies, extracts, and summaries thereof in its possession, the possession of the receiving party, its counsel or other authorized recipients, but not including copies, extracts, or summaries that contain or constitute attorney work product.

   If requested by the designating party within ninety (90) days of the conclusion of this Litigation, which includes all post-trial motions and appeals, all copies, extracts, or summaries that contain or constitute attorney work product shall be destroyed and the attorney for the receiving party shall certify in writing that all such copies, extracts and summaries have been destroyed.  This ninety (90) day period is subject to extension or modification as necessary to accommodate any post-trial motions or appeals that may be brought by any party. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgement is requested. Any Confidential

Information not timely requested to be returned or destroyed shall no longer be the subject of this Protective Order.

**8. Withholding of Information.** Nothing in this Protective Order allows a party to withhold documents or information on the sole basis that the information has been designated Confidential Information pursuant to this Protective Order. This Protective Order only prescribes the method by which Confidential Information shall be disclosed.

**9. No Implied Waivers.** The entry of this Order shall not be interpreted as a waiver of any party's standard rights to object to production of information under either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Neither the agreement to--or the taking of any action in accordance with--the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in the Litigation, or in any other actions.

**10. Clawback Agreement.** Due to the potentially large volume of electronically stored information that may be responsive to discovery in this Litigation, the parties agree that in the event a disclosing party notifies the receiving party in writing of the inadvertent disclosure of attorney client privileged communications or attorney work product (the "Privileged Information"), the receiving party agrees to return to disclosing party all such Privileged Information without retaining any copies or originals of the electronically stored information. The parties agree that no waiver of any privilege occurs from the inadvertent disclosure of Privileged Information. However, if the receiving party notifies the disclosing party of receipt of Privileged Information, and the disclosing party does not respond or demand return within 7 days, then this Stipulation Agreement shall not be a defense to any claim of waiver of privilege. In addition, by receiving and/or returning such Privileged Information, the receiving party does not waive any right to contest the applicability of any such privilege. The Disclosing Party

shall promptly provide a privilege log to the receiving party upon return of the Privileged Information.

**IT IS SO ORDERED.**

DATED: September 8, 2022

_____
Magistrate Judge Douglas F. McCormick